Nov. Term,
1858.

PIERSON *v.* THE STATE.

MOORE
v.
KORTY.

This case is precisely like *Fleming* v. *The State, ante*, 234.

APPEAL from the *Lagrange* Circuit Court.

Saturday,
December 11.

*Per Curiam.*—Indictment for receiving and concealing stolen goods. Trial and conviction. The record contains a bill of exceptions, whereby it appears that while impanneling the jury, one *John Colwell* was called, and being challenged by the defendant, the following interrogatories touching his qualifications as a juror were propounded to him :

"Did you not counsel and direct the arrest of the defendant without a warrant, and the detention of him in custody at *Milford* without a warrant? And do you not consider his conviction, in this case, as necessary to your protection from a prosecution for said act?"

The Court refused to permit these questions to be answered by the proposed juror, for the alleged reason that the facts sought to be elicited were immaterial. We think the Circuit Court, in its refusal to permit the questions to be answered, committed an error. *Fleming* v. *The State*, decided at the present term, is precisely in point. And for the reasons given in that case, the judgment must be reversed.

The judgment is reversed with costs.

*A. Ellison,* for the appellant.